Plaintiff-appellant, Richard E. Mills (plaintiff), brought suit on a contract for the sale of an automobile against defendant-appellee, Jaguar-Cleveland Motors, Inc. (defendant). He alleged, among other things, fraud in the inducement. Defendant moved to dismiss or in the alternative to stay proceedings on the ground that plaintiff's claims were properly referable to arbitration pursuant to the terms of the contract. Given the reach of the motion and indulging the presumption of regularity, it must be presumed that the trial court found the issues referable to arbitration and the defendant not in default even though an order specifically referring the issues to arbitration does not appear in the order of dismissal and is not mentioned in the notice of appeal. The trial court dismissed the complaint without prejudice.[1]
This court overruled a motion to stay the arbitration *Page 112 
pending appeal.[2] Post-appeal motion papers indicate the arbitration is now complete. However, the disposition made in this appeal renders that a matter of no consequence.
Plaintiff filed a timely appeal and assigns two errors which are set out in the margin.[3] For reasons assessed below, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
 I.
A referral to arbitration is not a final order, Board ofEdn. v. Paxton (1979), 59 Ohio St.2d 65, 70-72. However, an order dismissing an action is. Therefore, the actions of the trial court are properly here for review.
The trial court committed procedural error in dismissing the complaint. Given the referral, the court had no option under R. C. 2711.02 to do anything but stay the trial pursuant to the defendant's motion.[4] The error, though not assigned, is noticed under the discretion provided in App. R. 12(A).
 II.
The first and dispositive issue, if answered affirmatively, is raised by the first assignment of error. It is whether the defendant waived its arbitration rights under the contract?
The following points of fact, relevant to waiver, are demonstrated by the record:
(1) On October 4, 1977, plaintiff filed a complaint in the United States District Court for the Northern District of Ohio (C77-1056) to which the defendant filed an answer and instituted *Page 113 
discovery proceedings without requesting arbitration under the contract.[5]
(2) A new action was filed on April 13, 1978, in the Court of Common Pleas for Mahoning County, Ohio, subsequent to the dismissal of the federal action. Venue was eventually lodged in the Court of Common Pleas of Cuyahoga County, Ohio, and, after a thirty-day extension for leave to move or plead, defendant "filed" for arbitration and concurrently moved to dismiss or stay the lawsuit pending arbitration.
(3) Defendant, in its brief, claims that, after a full hearing,[6] the trial court found the arbitration clause in the contract between the parties binding and dismissed the action.
The general rule is said to be "* * * that either party to a contract of arbitration may waive it. * * *"[7] And a plaintiff's waiver may be effected by filing suit.[8] When the opposite party, the potential defendant, is confronted with a filed lawsuit, the right to arbitrate can be saved by seeking enforcement of the arbitration clause. This is done under R. C.2711.02[9] by application to stay the legal proceedings pending the arbitration. Failure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver.[10]
Accordingly, when the plaintiff in the present case filed his complaint in United States District Court, he waived arbitration. When the defendant filed its answer in that suit without demanding arbitration, it, in effect, agreed to the waiver. Defendant's subsequent discovery proceedings in the federal case underlined its acquiescence.
The first assignment of error is well taken. *Page 114 
 III.
The second assignment of error addresses the proper scope of the arbitration. It is mooted by the disposition of the first. It has no merit because the issue it engages is no longer relevant.
 IV.
The order dismissing this case in the trial court is reversed and the cause remanded for trial on the merits.
Judgment reversedand cause remanded.
JACKSON, P. J., and KRUPANSKY, J., concur.
[1] Journal Entry received for filing on March 5, 1979.
[2] Order of May 11, 1979.
[3] Assignments of Error Nos. I and II:
"I. The Court's dismissal of plaintiff-appellant's complaint was unfounded and improper in that the right to demand arbitration under the contract was waived by defendant-appellee.
"II. It was error for the Court to dismiss plaintiff's complaint totally since the separate cause of action for fraud and punitive damages is outside of the contract and its provisions; said cause of action is therefore not submissible to arbitration."
[4] R. C. 2711.02 provides:
"If any suit or proceeding is brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." (Emphasis added.)
[5] The arbitration clause provides:
"Any controversery [sic] or claim arising out of or relating to this contract or breach thereof shall be settled by arbitration in Cleveland, Ohio in accordance with the Commercial Arbitration Rules of the American Arbitration Association and judgment upon the award may be entered in any court having jurisdiction thereof."
[6] The App. R. 9(C) Statement of Evidence indicates an informal hearing was held in chambers with the trial judge and counsel in attendance, but no reporter.
[7] La Nacional Platanera v. North American Fruit andSteamship Corp. (C.A. 5, 1936), 84 F.2d 881, 882.
[8] Id.; Standard Roofing Co. v. Construction Co. (1977),54 Ohio App.2d 153, 157.
[9] See fn. 4, supra.
[10] Standard Roofing Co. v. Construction Co., supra, at 157-158. *Page 115