OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Hannah Slodov, appeals from a final judgment of the Geauga County Court of Common Pleas granting appellees', Farrow Builders, Inc. ("Farrow Builders" or "the company") and Michael Farrow ("Farrow"), motion to stay the proceedings pending arbitration. For the following reasons, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
On January 26, 1998, appellant entered into a written contact with Farrow Builders for the construction of a new home in Bainbridge, Ohio.[1] Among other items, the contract included a clause requiring any disputes arising from the construction of the home be submitted for arbitration.[2]
Problems soon developed with the home which the parties were unable to amicably resolve on their own. As a result, Farrow Builders filed a complaint against appellant on September 17, 1999, in the Geauga County Court of Common Pleas to recover $50,379.93, which the company claimed was still due under the contract. The company attached a copy of the contract to its complaint, but never referred to the arbitration clause contained therein.
On October 12, 1999, appellant filed an answer denying the allegations contained in the complaint. In addition, appellant also included a counterclaim against Farrow Builders, along with a third-party complaint against Farrow individually, asserting various causes of action. Just as Farrow Builders did not, appellant also failed to mention or invoke the arbitration clause.
Apparently experiencing a change of heart, on December 10, 1999, appellees filed a motion with the trial court to stay the proceedings pending arbitration in accordance with R.C. 2711.02. Appellant filed a brief in opposition on December 14, 1999, in which she argued the following: (1) appellees had waived the right to arbitration by originally filing suit; (2) appellees had failed to attach an authenticated copy of the contract with their motion; and (3) the claims raised in her counterclaim and third-party complaint were not governed by the arbitration clause in the parties' contract.
On December 23, 1999, appellees filed a motion with the trial court to amend their complaint to include a claim asserting that the case was governed by the arbitration clause at issue. The trial court granted the motion to amend on January 4, 2000.
As for the motion to stay proceedings, the trial court conducted a hearing on May 18, 2000, where both sides presented arguments. The next day, the trial court issued a judgment entry staying the entire proceedings pending arbitration.
From this decision, appellant filed a timely notice of appeal with this court. She now raises the following assignment of error for our consideration:
 "The trial court erred in granting plaintiff's motion to stay pending arbitration."
 Under her sole assignment of error, appellant maintains that arbitration should not have been ordered because appellees waived the right to arbitrate the underlying disputes by not raising the issue until after the pleadings had been filed in the case. Moreover, she submits that the arbitration clause should not be enforced because it is ambiguous and because appellees failed to attach an authenticated copy of the parties' contract to their motion to stay. In the alternative, appellant argues that if appellees were entitled to arbitration, the clause in their contract is not applicable because it does not encompass the causes of action raised in her counterclaim and third-party complaint.
Before proceeding to the merits of appellant's position, we would like to note that public policy in Ohio encourages the resolution of disputes through arbitration. Smith v. Whitlatch Co. (2000), 137 Ohio App.3d 682,684; Owens Flooring Co. v. Hummel Constr. Co. (Dec. 29, 2000), Portage App. No. 99-P-0090, unreported, 2000 Ohio App. LEXIS 6228, at 7. "Arbitration provides parties with a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets." Peterson v. Crockett Constr., Inc. (Dec. 7, 1999), Columbiana App. No. 99-CO-2, unreported, 1999 Ohio App. LEXIS 5956, at 5. Accordingly, pursuant to R.C. 2711.02, a trial court is authorized to stay an action and refer the case to arbitration once the court has been "satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration * * *."
Having said that, despite the strong public policy encouraging the enforcement of arbitration clauses, a court may refuse to enforce such a clause if a party waives the right to arbitration. Griffith v. Linton
(1998), 130 Ohio App.3d 746, 750; Dugach v. Dugach (Mar. 31, 1995), Lake App. No. 93-L-073, unreported, 1995 Ohio App. LEXIS 1261, at 12; Hoffmanv. Davidson (Mar. 11, 1988), Trumbull App. No. 3909, unreported, 1988 Ohio App. LEXIS 773, at 5-6. Generally, waiver can either be expressed or implied depending on the circumstances of a particular case. Griffith
at 751. In any event, the party claiming waiver must be able to show that the party wishing to arbitrate had knowledge of and acted inconsistent with its right to proceed with arbitration. ACRS, Inc. v.Blue Cross Blue Shield of MN (1998), 131 Ohio App.3d 450, 456.
Numerous courts in Ohio have held that "[a] party to a contract to arbitrate waives its right when it files a lawsuit rather than requesting arbitration." Mills v. Jaguar-Cleveland Motors, Inc. (1980),69 Ohio App.2d 111, syllabus. See, also, Griffith at 751; Harsco Corp.v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 412; Jones v. Honchell
(1984), 14 Ohio App.3d 120, paragraph one of the syllabus; Dugach at 12. Furthermore, when the other party in the action files an answer and does not demand arbitration itself, the party, in effect, agrees to the waiver. Jones at 122; Mills at syllabus. A trial court's determination that a party has or has not waived its right to arbitrate, however, will not be reversed absent an abuse of discretion. ACRS at 456; Harsco at 410. An abuse of discretion connotes more than mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
Turning to the matter before us, we conclude that appellees waived their right to arbitrate when they initiated proceedings in the Geauga County Court of Court of Common Pleas involving the issues that would be arbitrated. Consequently, the trial court abused its discretion when it stayed the proceedings pending arbitration.
The record shows that Farrow Builders filed its original complaint on September 17, 1999, at which time the company made no reference to the arbitration clause in the parties' contract. Appellant filed an answer on October 12, 1999, denying the allegations in Farrow Builders' complaint. She also included a counterclaim against Farrow Builders and a third-party complaint against the company's president, Farrow. Not until two months later did appellees finally move the trial court to stay the proceedings pending arbitration.
Under these circumstances, appellees waived their right to arbitration. Mills, supra. The company, however, argues that appellant forced it to file suit by filing a "Notice to Commence Suit." We find such logic to be specious. The fact remains that appellees did not even attempt to seek arbitration until after appellant had already filed a counterclaim and third-party complaint. At that point, appellant had already incurred the increased costs of filing a responsive pleading. Forcing such a response defeats one of the primary objectives of arbitration, and such gamesmanship should not be rewarded. See Phillipsv. Lee Homes, Inc. (Feb. 17, 1994), Cuyahoga App. No. 64353, 1994 Ohio App. LEXIS 596, at 15 (holding that "when a dispute is subject to arbitration under R.C. 2711.02, it is incumbent upon the party seeking arbitration to immediately move for a stay of the proceedings pending the arbitration."). Filing a motion to stay contemporaneously with its complaint would have preserved both the company's right to seek redress through arbitration and its financial interests with respect to the work it claims was completed under the contract.
Looking at the totality of the circumstances in this case, we conclude that appellees actions were untimely and inconsistent with arbitration.[3] Accordingly, the company waived the arbitration clause contained in the parties' contract, resulting in the instant matter being properly before the trial court. As a result, appellant's sole assignment of error has merit. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
 ______________________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., NADER, J., concur.
[1] At all time relevant to the within matter, Michael Farrow was the president of Farrow Builders.
[2] This particular clause provided in relevant part:
 "26. In the event that any disputes arise between the parties as to the meaning or interpretations of any provisions in this Contract and the exhibits attached, or if any disputes arise as to the proper performance of any part of the work in the building of the house and the BUILDER and OWNERS are unable between themselves to resolve such disputes, it is mutually agreed that the parties will submit said disputes for arbitration. * * *"
[3] Importantly, Farrow Builders does not allege that it was unaware, at the time it filed suit, of the right to arbitrate the dispute under the terms of the contract.