JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, CheckSmart ("CheckSmart"), appeals from the order of the Cleveland Municipal Court that denied CheckSmart's motion to stay proceedings and compel arbitration in its action against defendant-appellee, Sandra Morgan ("Morgan"). For the reasons set forth below, this court affirms.
 {¶ 2} The facts of this case revolve around 14 payday loans made by CheckSmart to Morgan. In each loan transaction, the term of repayment was two weeks, Morgan's next anticipated payday, for the loan amount of $400. In exchange, CheckSmart accepted Morgan's postdated check in the total amount of $460.00, which included the principle amount of the loan, plus fees and interest.
 {¶ 3} On February 9, 2001, CheckSmart instituted an action against Morgan seeking to recover on a dishonored check in the amount of $460, plus a $25.00 fee for insufficient funds and interest. Morgan filed her answer to the complaint and also counterclaimed against CheckSmart with allegations that CheckSmart violated the Payday Loan Act, R.C. 1315.34-44.
 {¶ 4} CheckSmart did not file an answer to the counterclaims. In response, on May 29, 2001, CheckSmart filed a motion to stay the proceedings and to compel arbitration. CheckSmart based its motion upon Morgan's challenge to the validity and enforceability of the loan agreements with respect to Ohio law, which then permitted CheckSmart to exercise its option to elect binding arbitration. On June 8, 2001, Morgan filed an amended complaint with the additional claim that CheckSmart violated the Ohio Consumer Sales Practices Act, R.C. Chapter 1345 and claims for rescission, declaratory judgment and unjust enrichment. On July 23, 2001, CheckSmart filed a second motion to stay the proceedings. Neither party requested arbitration of the matters or raised arbitration as a defense in the pleadings.
 {¶ 5} In her opposing brief, Morgan contended, in part, that CheckSmart waived its right to arbitration by bringing its action on the dishonored check in the municipal court. Thereafter, in reply, CheckSmart argued, in part, that it did not waive its right to arbitration because (1) CheckSmart brought suit on the dishonored check and not the October 28, 2000 agreement; and (2) CheckSmart was permitted to file its action and also elect arbitration with respect to Morgan's counterclaims.
 {¶ 6} The trial court held a hearing on CheckSmart's motions on January 8, 2002 and subsequently issued its journal entry on January 10, 2002, wherein the court denied CheckSmart's motion to stay proceedings and compel arbitration, based upon Mills v. Jaguar-Cleveland Motors,Inc. (1980), 69 Ohio App.2d 111, finding that CheckSmart waived its right to arbitration.
 {¶ 7} CheckSmart submits a single assignment of error for our review, as follows:
 {¶ 8} "The municipal court erred in denying plaintiff-appellant's motion to stay proceedings and compel arbitration."
 {¶ 9} At the outset we note that this case appears to be one of first impression. We are asked to determine whether the commencement of a lawsuit constitutes waiver of arbitration where arbitration is requested only after a counterclaim is filed disputing the validity and enforceability of an agreement containing an arbitration provision. In other words, whether CheckSmart waived its right to have Morgan's counterclaims adjudicated through arbitration.
 {¶ 10} In determining whether the trial court properly denied or granted a motion to stay the proceedings and compel arbitration, the standard of review is whether the order constituted an abuse of discretion.[1] Strasser v. Fortney Weygandt, Inc. (Dec. 20, 2001), Cuyahoga App. No. 79621. See also, Reynolds v. Lapos Constr.,Inc. (May 30, 2001), Lorain App. No. 01CA007780; Harsco Corp v. CraneCarrier Co. (1997), 122 Ohio App.3d 406, 410. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} R.C. 2711.02(B) requires the following:
 {¶ 12} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 13} An order which grants or denies a stay of the proceedings pending arbitration is a final appealable order and may be reviewed by this court. R.C. 2711.02(C). See also, Sexton v. Kidder Peabody Co. (Mar. 7, 1996), Cuyahoga App. No. 69093.
 {¶ 14} The arbitration provisions at issue herein are found in CheckSmart's Deferred Deposit, Early Deposit Clause and Disclosure Agreement, which Morgan signed in each of the 14 loan transactions. The agreements used in the first 12 transactions contained the following language, in part:[2]
 {¶ 15} "Arbitration: To purse [sic] any claim, demand dispute or cause of action ("claim") arising under this Agreement or any breach or default thereof, the claimant must submit to the other party in writing an explanation of the claim and a demand that the claim be resolved by arbitration. If the other party does not respond to the submittal in writing within ten (10) days of the receipt, the claimant may purse [sic] the claim through arbitration, court action or any other means otherwise available. If the other party responds to the submittal in writing within ten (10) days of its receipt, the claim must be submitted to binding arbitration in accordance with the rules of the Uniform Arbitration Act * * *."
 {¶ 16} The agreements used in the last two loan transactions contained the following language, in part:[3]
 {¶ 17} "Any claim, dispute or controversy * * * arising out of or relating to this Agreement * * * or the validity, enforceability, or scope of this Arbitration Provision or the entire Agreement between us (collectively "Claim"), shall be resolved, upon the election of you or us or said third-parties, by binding arbitration pursuant to this Arbitration Provision. * * *"
 {¶ 18} The trial court's journal entry provides limited insight regarding its reasoning and simply states that it based its denial of CheckSmart's motion to stay proceedings and compel arbitration upon Millsv. Jaquar-Cleveland Motors, Inc. (1980), 69 Ohio App.2d 111. In Mills,
this court held:
 {¶ 19} "A party to a contract to arbitrate waives its right when it files a lawsuit rather than requesting arbitration. When the other contracting party files an answer and does not demand arbitration, it, in effect, agrees to the waiver and a referral to arbitration under R.C.2711.02 is inappropriate." Mills at syllabus.
 {¶ 20} This court has previously recognized the strong presumption in favor of arbitration and that the Ohio courts encourage arbitration to settle disputes. David Wishnosky v. Star-Lite Bldg. Dev. Co.
(Sept. 7, 2000), Cuyahoga App. No. 77245, at 9-10. See ABM Farms Inc. v.Woods (1998), 81 Ohio St.3d 498, 500; Gerig v. Kahn (2002),95 Ohio St.3d 478, 482. However, the conduct of a party which is inconsistent with arbitration may act as waiver of the right to arbitrate. Wishnosky at 10. See also, Harsco Corp. v. Crane Carrier Co.
(1997), 122 Ohio App.3d 406, 413. "Thus, a trial court may deny a stay if it is not `satisfied that the issue involved in the action is referable to arbitration' or if the trial court determines that the party `has waived arbitration under the agreement.'" Wishnosky at 10.
 {¶ 21} This court will not lightly infer waiver of the right to arbitrate. Harso, at 415; Wishnosky at 13. In Wishnosky, this court rearticulated the test to be utilized in determining whether a party's conduct constitutes a waiver to its right to arbitrate, as follows:
 {¶ 22} `To prove that the defending party waived its right to arbitration, the complainant is required to demonstrate that the defending party `knew of an existing right to arbitration, see List Son Co. v. Chase (1909), 80 Ohio St. 42, 88 N.E. 120, and acted inconsistently with that right to arbitrate.' Id. [Citations omitted] `The essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate.' Phillips, supra. Harsco,122 Ohio App.3d at 413-414." Wishnosky at 13-14.
 {¶ 23} Applying this test to the present case, it is clear that Morgan knew of CheckSmart's right to arbitration of dispute concerning the loan transaction. The first twelve agreements contain the signature line which states "I have signed this loan agreement on the date below and acknowledge that I have read it, understand it, and that I have received a complete copy of it." The last two agreements contain the signature line which states "I have signed this loan agreement on the date below and acknowledge that I have read both the front and back sides of the agreement, including [the] [sic] arbitration provision, and that I have received a complete copy of it." Morgan signed and dated each agreement.
 {¶ 24} We are guided by Mills, wherein the institution of a lawsuit was an action inconsistent with the party's right to arbitration. CheckSmart filed its action for the dishonored check based upon its rights arising out of, and provided for in, the loan agreement. Both arbitration provisions in the two types of agreements clearly indicate that any claim or dispute regarding the agreements may be resolved through binding arbitration. Thus, CheckSmart was permitted to exercise its option to request arbitration. Based on the totality of the circumstances, we find that CheckSmart waived its right to arbitrate the dispute when it instituted its lawsuit against Morgan, and acted inconsistently with this right.
 {¶ 25} We find that the trial court did not abuse its discretion, or act in an unreasonable or unconscionable manner, when it denied CheckSmart's motion to stay proceedings and compel arbitration. Accordingly, CheckSmart's single assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P. AND DIANE KARPINSKI, J., CONCUR.
[1] CheckSmart argues that the standard of review should be de novo rather than abuse of discretion based on the loan agreements dated 10/14/00 and 10/28/00 which provide that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1-18, applies. However, this court has consistently held that the standard of review to be used is abuse of discretion and CheckSmart does not cite binding legal authority to the contrary. Twelve of the fourteen loan agreements do not require the application of FAA.
[2] Agreements dated 3/4/00; 3/31/00; 4/15/00; 5/9/00; 6/3/00; 6/17/00; 7/3/00; 8/1/00/ 8/19/00; 9/2/00; 9/18/00; and 9/30/00.
[3] Agreements dated 10/14/00 and 10/28/00.