DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Ottawa County Court of Common Pleas, in which the trial court denied a request for a stay of litigation pending arbitration filed by appellant, Showe Construction Co., Inc, on behalf of itself and its parent company, Showe Builders, Inc. For the reasons that follow, we reverse the decision of the trial court.
 {¶ 2} On appeal appellant sets forth the following assignment of error:
 {¶ 3} "Assignment of error
 {¶ 4} "The trial court erred in denying the motion to stay action pending arbitration."
 {¶ 5} The underlying dispute between the parties arises from a construction contract, in which appellee, Peridia, Inc., undertook to build two adjoining condominium units for appellant, for $379,967.13. The contract was signed on October 30, 1999. In July 2000, as the project was nearing completion, appellant became dissatisfied with appellee's work on the project. As a result, appellant refused to pay appellee the final payment of $80,968.37. Over the next 18 months, the parties exchanged letters and made other attempts to resolve their dispute; nevertheless, appellant continued to withhold final payment.
 {¶ 6} On November 21, 2001, appellee filed a mechanic's lien for $93,400 plus interest against the project. On February 7, 2002, appellee filed a complaint against appellant and several other entities who are not parties in this appeal, in which it sought damages for breach of contract, conversion, fraud, bad faith, and foreclosure. On April 11, 2002, appellant filed an answer and a counterclaim for lost profits and damages due to "slander of title," i.e., the mechanic's lien. Appellant also filed separate motions to strike appellee's fraud and foreclosure claims, and to stay the proceedings pending arbitration.
 {¶ 7} On July 10, 2002, the trial court filed a judgment entry in which it granted appellee's motion to strike the fraud claim, and denied the motion to strike the foreclosure claim. In addition, the trial court found that appellant waived its right to arbitration under the contract by: (1) filing an answer and counterclaim; and (2) not filing its demand for arbitration until almost two years after the parties' dispute arose. Accordingly, appellant's request for a stay was denied. On August 8, 2002, a timely notice of appeal was filed.
 {¶ 8} In support of its motion to stay, appellant invoked an arbitration clause contained in the parties' construction contract, which provides, in relevant part:
 {¶ 9} "15. Disputes — Should any dispute arise relative to the performance of this contract that the parties cannot satisfactorily resolve, if the parties so agree, the dispute shall be referred to a single arbitrator acceptable to them.
 {¶ 10} "If the parties do not so agree, then the parties agree that the dispute shall be resolved by binding arbitration conducted by the American Arbitration Association under its Construction Industry Arbitration Rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. * * *"
 {¶ 11} The granting or denial of a motion to stay pending arbitration is governed by R.C. 2711.02 which states, in relevant part:
 {¶ 12} "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 13} In Ohio, the resolution of disputes through arbitration is encouraged as a matter of public policy. Kelm v. Kelm (1993),68 Ohio St.3d 26, 27. This policy is expressed in R.C. 2711.01, which provides that such agreements "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." Id.
 {¶ 14} Notwithstanding the preference for enforcement of agreements to arbitrate, it is well-settled that either party to an arbitration agreement may waive it. Mills v. Jaguar-Cleveland Motors,Inc. (1980), 69 Ohio App.2d 111, 113. For example, "a plaintiff's waiver may be effected by filing suit." Id. Thereafter, the potential defendant, confronted with a filed lawsuit, may save the right to arbitrate by seeking enforcement of the arbitration clause and applying for a stay of the legal proceedings under R.C. 2711.02. Id. However, "[f]ailure to move for a stay, coupled with responsive pleadings, will constitute a defendant's waiver." Id.
 {¶ 15} In order to prove that a defending party waived its right to arbitration pursuant to R.C. 2711.02, "the complainant is required to demonstrate that the defending party `knew of an existing right to arbitration * * * and acted inconsistently with that right to arbitrate'"Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 413, quoting Phillips v. Lee Homes, Inc. (Feb. 17, 1994), Cuyahoga App. No. 64353 (other citation omitted). Such a determination must be made by the trial court, "based on the totality of the circumstances." Id. at 413-414.
 {¶ 16} On appeal, a decision to grant or deny a stay of arbitration will not be overturned absent a finding that the trial court abused its discretion. Harsco, supra, at 410. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} As set forth above, the record shows that appellee filed its complaint at the end of a period of protracted and often bitter negotiation between the parties. In response, appellant invoked the arbitration provision in the parties' contract by filing a motion to stay the litigation proceedings pending arbitration, along with responsive pleadings and a counterclaim. The record contains no other facts to show that appellant engaged in any activities that could be deemed active participation in litigation, thereby constituting a waiver of its right to arbitrate.
 {¶ 18} Upon consideration of the foregoing, and the law, we find that appellant did not waive its right to invoke the arbitration clause by filing a motion to stay proceedings along with its answer, counterclaim and motion to strike. We further find that appellee's claims of fraud, conversion of funds due under the contract and foreclosure as a means to collect those funds, are derived from the underlying contract dispute and are therefore referable to arbitration, as are appellant's counterclaims. Accordingly, the trial court abused its discretion by denying appellant's motion to stay proceedings in this case pending arbitration. Appellant's sole assignment of error is well-taken.
 {¶ 19} The judgment of the Ottawa County Court of Common Pleas is hereby reversed and the case is remanded to the trial court for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
Richard W. Knepper, J., Mark L. Pietrykowski, J., and GeorgeM. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.