DECISION
{¶ 1} Plaintiffs-appellants John and Shirletta Hilton appeal the trial court's adoption of a magistrate's decision to stay the proceedings and refer the case to arbitration. In their sole assignment of error, the Hiltons claim that Mill Road II and Clenard Henderson, the member and president of Mill Road II, waived their right to arbitration by failing to move for a stay and by filing responsive pleadings. We affirm the trial court's decision.
 I. The New Home Dispute {¶ 2} The Hiltons contracted with Mill Road II to purchase real estate and to build a new home on the land The contract included a clause indicating that any dispute arising over the contract would be settled by arbitration.
 {¶ 3} The Hiltons had contracted for a six-foot "bump out" of the walls of the house, but the parties disputed how this additional area would affect the living-area square footage. As a result of this dispute, Mill Road II did not build the house or transfer title to the land And the Hiltons sued, seeking specific performance of the contract or monetary damages. Mill Road II and Henderson answered, asserting arbitration as an affirmative defense. Within a month, they moved to stay the proceedings and to refer the case to arbitration. The trial court granted the motion. Over a year later, Mill Road II and Henderson moved to dismiss the case because the Hiltons had failed to initiate arbitration. The trial court denied the motion and, upon reviewing the case, determined that arbitration was not appropriate because the Hiltons had sought specific performance of the contract to purchase the real estate.
 {¶ 4} Mill Road II and Henderson amended their answer, again asserting arbitration as a defense. Henderson then unsuccessfully moved for summary judgment. Later, Mill Road II transferred title to the property in question to a third party. Mill Road II and Henderson again moved to stay the proceedings and to refer the case to arbitration. The trial court referred the case to a magistrate, and the magistrate granted the motion to stay. The trial court adopted the magistrate's decision, and the Hiltons now appeal.
 II. Arbitration Not Waived {¶ 5} A trial court may stay trial proceedings and refer a case to arbitration, and a party may appeal the stay.[1] We may reverse the trial court's decision only if we conclude that the trial court abused its discretion in granting the motion to stay the proceedings.[2]
 {¶ 6} We must first determine whether Mill Road II waived its right to arbitration. A plaintiff may waive its right to arbitration by filing suit.[3] But a defendant can then preserve the right by seeking enforcement of the arbitration clause through a motion to stay the legal proceedings.[4] Failure to move for a stay, combined with responsive pleadings, constitutes a waiver.[5] But a plaintiff may not escape enforcement of an arbitration clause by adding a defendant who is not a party to the contract.[6]
 {¶ 7} To demonstrate a waiver, a defendant must (1) know about the right to arbitrate, and (2) act inconsistently with its right to arbitration under the totality of the circumstances.[7]
 {¶ 8} Here, it is obvious that Mill Road II knew about its right to arbitrate. Not only was the provision included in the contract, but Mill Road II asserted the right to arbitrate as a defense in its answer and moved for a stay in accordance with the contract.
 {¶ 9} The question that remains is whether Mill Road II acted inconsistently with its right to arbitration. To determine whether this occurred, a court may consider (1) any delays in the demand for arbitration, (2) the extent of the requesting party's participation in litigation, (3) whether the requesting party filed a counterclaim, and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts.[8]
 {¶ 10} In Harsco Corp. v. Crane Carrier Co.,[9] the defendant filed its motion for a stay three months after filing its answer. During that three months, the parties conducted limited discovery and took several depositions. The Third Appellate District held that the delay, combined with the lack of any counterclaim or summary-judgment motion by the defendant, did not amount to a waiver of the defendant's right to arbitration.
 {¶ 11} The record before us demonstrates that Mill Road II and Henderson asserted arbitration as a defense at every step of the proceedings. An answer that includes arbitration as an affirmative defense does not constitute a waiver.[10] Mill Road II and Henderson requested a stay at the beginning of the proceedings, did not file any counterclaim, and conducted only limited discovery. And we cannot say that the Hiltons were prejudiced by the defendants' actions. While the delay in this case was much longer than that in Harsco, the case was stayed for over a year while Mill Road II and Henderson waited for the Hiltons to initiate arbitration. Once the specific-performance claim was no longer a part of the case, Mill Road II and Henderson renewed their motion to stay. At that point, arbitration was appropriate.
 {¶ 12} The trial court did not, therefore, abuse its discretion in staying the proceedings and referring the case to arbitration.
 III. Failure to Object {¶ 13} In its entry adopting the magistrate's decision to stay the proceedings and refer the case to arbitration, the trial court noted that the objection period had expired without the Hiltons' objecting to the magistrate's decision or moving for an extension. Where a party does not object to a magistrate's decision within fourteen days, that party has waived any claim of error concerning the trial court's adoption of the decision.[11] Thus, the Hiltons waived any claimed error in the trial court's adoption of the magistrate's decision.
 {¶ 14} Accordingly, we affirm trial court's judgment.
Judgment affirmed.
Hildebrandt, P.J., and Winkler, J., concur.
[1] R.C. 2711.02.
[2] Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406,701 N.E.2d 1040.
[3] Id., citing Mills v. Jaguar-Cleveland Motors, Inc. (1980),69 Ohio App.2d 111, 430 N.E.2d 965.
[4] Id.
[5] Id.
[6] Krafcik v. USA Energy Consultants, Inc. (1995), 107 Ohio App.3d 59,667 N.E.2d 1027.
[7] Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406,701 N.E.2d 1040; Phillips v. Lee Homes, Inc. (Feb. 17, 1994), 8th Dist. No. 64353.
[8] Phillips, supra.
[9] (1997), 122 Ohio App.3d 406, 701 N.E.2d 1040.
[10] See id.
[11] Civ.R. 53(E)(3)(d).