JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Appellee, Ellen McClure, filed an application to be appointed guardian of the person and estate of her husband, appellant George W. McClure, Jr. The application stated that George was incompetent due to dementia related to Parkinson's disease. Subsequently, Marietta Garber, an individual selected by George, filed an application to be appointed guardian of George's person only.
The probate court found by clear and convincing evidence that George was incompetent. It also found that, before he became incompetent, George had executed a durable power of attorney in which he had nominated Ellen to be his guardian should he become incapacitated. Therefore, the court granted Ellen's application to be appointed guardian of George's person. It concluded that he did not need a guardian of his estate, since the power of attorney gave Ellen the power to handle his financial affairs without the necessity of court involvement. The court denied Garber's application. This appeal followed.
George presents two assignments of error for review. In his first assignment of error, he contends that the probate court erred in appointing Ellen as guardian of his person. He argues that ongoing conflict between the two of them rendered her unsuitable to be his guardian. This assignment of error is not well taken.
In determining whom to appoint as a guardian, a probate court's primary responsibility is to ensure that the person appointed will act in the ward's best interest. In re Guardianship ofThomas, 148 Ohio App.3d 11, 2002-Ohio-1037, 771 N.E.2d 882. An appellate court will not reverse the probate court's decision selecting a guardian absent an abuse of discretion. In re Estateof Bednarczuk (1992), 80 Ohio App.3d 548, 609 N.E.2d 1310; Inre Guardianship of Friend (Dec. 16, 1993), 8th Dist. No. 64018.
R.C. 2111.121(B) provides, "[I]f a person has nominated * * * in a durable power of attorney as described in division (D) of section 1337.09 of the Revised Code, another person to be the guardian of the nominator's person, estate, or both, and proceedings for the appointment of a guardian for the person are commenced at a later time, the court involved shall appoint the person nominated as guardian in * * * the durable power of attorney most recently executed if the person nominated is competent, suitable and willing to accept the appointment." The trial court abuses its discretion in failing to appoint the person nominated by the ward, absent evidence that the person nominated is incompetent, unsuitable or unwilling to serve.Friend, supra.
In this case, the trial court's finding that Ellen was a suitable person to be George's guardian was supported by competent, credible evidence. George nominated Ellen, his wife of over fifty years, to be his guardian before he became incompetent despite the alleged conflict between them. They continued to live together until Ellen could no longer care for him due to the ravages of his disease. Employees of the nursing home in which George lived all testified that Ellen had provided whatever he had needed and had acted in his best interest. In fact, the record showed that Ellen was by far the wealthier of the two and that she often paid for his care out of her own funds.
Moreover, the testimony showed that much of George's anger at his wife was the result of paranoia brought on by his dementia. George contends that the source of his anger was irrelevant: The mere fact that he harbored such anger toward her made her unsuitable to be his guardian. This argument ignores evidence that much of his anger was due to his loss of control related to his disease. He engaged in angry outbursts with numerous individuals when he did not get the things he wanted. He even reportedly attacked another individual with his walker. Consequently, we cannot hold that the probate court erred in finding that George's anger at Ellen did not make her unsuitable to be his guardian.
Under the circumstances, the probate court's decision appointing Ellen as George's guardian was not so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140; In re Guardianship of Owen, 11th Dist. No. 2001-L-013, 2001-Ohio-8824. Therefore, we overrule George's first assignment of error.
In his second assignment of error, George contends that the trial court erred in failing to rule on his Civ.R. 35 motion for physical and mental examinations of Ellen. He argues that the evidence showed that Ellen had physical and mental impairments and that he was denied the opportunity to determine whether those impairments rendered her unsuitable as a guardian. This assignment of error is not well taken.
The record shows that a magistrate found that "arranging for an independent medical examination, with the accompanying report and the possibility of a deposition[,] would compromise the existing trial date." The magistrate's decision went on to state that, during the hearing on the applications for guardianship, counsel would have the opportunity to cross-examine Ellen and inquire into her ability to serve as guardian. The court would also have an opportunity to observe her and to ascertain whether she was a suitable person to serve as guardian. It stated, "In the event that there is any question concerning her ability to serve, the Court may appoint another disinterested person as interim guardian and order an independent medical examination of Ellen McClure." Therefore, the court reserved its ruling on George's motion for an independent medical examination.
The record shows that George failed to file objections to the magistrate's decision within fourteen days, as required by Civ.R. 53(E)(3)(a). Since George failed to file timely objections to the magistrate's decision, he waived any claim of error related to that decision. Group One Realty, Inc. v. Dixie Intl. Co.
(1998), 125 Ohio App.3d 767, 709 N.E.2d 589; Hilton v. Mill RoadConstruction II, Ltd., 1st Dist. No. C-030200, 2003-Ohio-7107.
Further, even if George had objected to the magistrate's decision, he failed to establish good cause for the examination, as required by Civ.R. 35. Consequently, the probate court did not abuse its discretion in failing to grant his motion for an independent examination. See In re Guardianship of Johnson
(1987), 35 Ohio App.3d 41, 519 N.E.2d 655; Kinsey v. Erie Ins.Group, 10th Dist. No. 03AP-51, 2004-Ohio-579; In reGuardianship of Barg (May 15, 1989), 12th Dist. No. CA88-10-077. Accordingly, we overrule George's second assignment of error and affirm the probate court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.