OPINION
{¶ 1} Appellant, GMS Management Company, appeals from judgment entries of the Willoughby Municipal Court, denying appellant's motion to dismiss and granting the counterclaims of appellees, Gary Coulter Jr. and Angiline Hall. For the reasons that follow, we affirm.
 {¶ 2} On May 19, 2004, appellant filed a complaint in the Willoughby Municipal Court, naming appellees as defendants. The complaint stated that appellees were employed as resident managers of an apartment building owned by appellant. Around May 12, 2004, appellees' employment with appellant was terminated, and appellant notified appellees to vacate the premises. Because appellees did not immediately vacate the premises, the complaint requested their removal.
 {¶ 3} The complaint further alleged that based upon an employment contract, appellees owed back rent for those days they refused to vacate the premises. Accordingly, the complaint requested money for back rent.
 {¶ 4} On June 11, 2004 and June 16, 2004, appellees filed separate answers and counterclaims. Both counterclaims requested damages from appellant for withheld wages, in accord with the employment contract.
 {¶ 5} On August 23, 2004, appellant filed a motion to dismiss appellees' counterclaims. Appellant argued that the counterclaims should be dismissed for lack of subject matter jurisdiction and referred to arbitration predicated upon a mandatory arbitration clause within the employment contract.
 {¶ 6} The municipal court denied appellant's motion to dismiss, and this matter proceeded to a trial before a magistrate on December 9, 2004. Following trial, the magistrate issued a decision finding in favor of appellant for its claim of back rent and in favor of appellees' counterclaims for withheld wages. In particular, the magistrate's factual analysis noted that appellees' testified their wages were held back sometime in 2003, when appellant converted their wage payments from monthly to bi-monthly. Appellees stated that this wage hold back was in the amount of $500 for both of them. Moreover, appellees testified that appellant failed to pay either of them $500 in wages for the pay period at the end of April 2004. The magistrate found as follows:
 {¶ 7} "* * * [Appellees] both testified that they were due a hold back for the periods caused by the change in the pay period. Each [appellee] is due therefore the sum of $500.00 [Appellant] failed to sufficiently contradict that testimony and consequently, the preponderance of the evidence supports the $500.00 sum due. The [appellees] failed to meet, however, their burden of proof to demonstrate the skipped pay period for the last half of April 2004."
 {¶ 8} Thus, the magistrate concluded that appellant owed each appellee $500 for withheld wages.
 {¶ 9} Thereafter, appellant filed combined objections to the magistrate's decision and a motion for new trial. However, appellant failed to file a transcript of the magistrate trial with the municipal court. Appellant's objections argued that the magistrate's decision regarding withheld wages was not supported by the evidence. Appellant's motion for new trial argued that newly discovered evidence, not produced at trial, established that appellant had paid appellees' wages in full.
 {¶ 10} On April 13, 2005, the municipal court overruled appellant's objections and denied appellant's motion for a new trial. With respect to appellant's motion for a new trial, the municipal court found that the evidence referred to by appellant was not newly discovered as such evidence "could have and should have" been produced at trial. Thus, the trial court adopted the magistrate's decision finding in favor of appellant's claim for back rent and appellees' claim for withheld wages.
 {¶ 11} From this judgment, appellant filed a timely notice of appeal and now sets forth the following three assignments of error for our consideration:
 {¶ 12} "[1.] The court below committed reversible error in failing to grant Plaintiff-Appellant's motion to dismiss and order mandatory arbitration.
 {¶ 13} "[2.] The court below committed reversible error in failing to grant Plaintiff-Appellant's motion for a new trial and/or in overruling Plaintiff-Appellant's objections to the magistrate's recommendation.
 {¶ 14} "[3.] The court below committed reversible error in its judgment which is against the manifest weight of the evidence."
 {¶ 15} Under its first assignment of error, appellant contends that the trial court erred in denying his motion to dismiss. Specifically, appellant maintains that the employment contract required mandatory arbitration and, therefore, the municipal court was obligated to dismiss appellees' counterclaims and refer the counterclaims to arbitration.
 {¶ 16} An examination of the employment contract submitted with appellant's motion to dismiss establishes the existence of a mandatory arbitration clause. But, as will be shown, appellant's filing of this matter in the municipal court acted to waive its right to arbitration.
 {¶ 17} "A party to a contract to arbitrate waives its right when it files a lawsuit rather than requesting arbitration. When the other contracting party files an answer and does not demand arbitration, it, in effect, agrees to the waiver and a referral to arbitration * * * is inappropriate." Mills v.Jaguar-Cleveland Motors, Inc. (1980), 69 Ohio App.2d 111, at syllabus. See, also, Savage v. All Family Homes Inc. (Dec. 11, 1992), 11th Dist. No. 92-G-1688, 1992 Ohio App. LEXIS 6199, at 3.
 {¶ 18} In the instant case, appellant ignored the mandatory arbitration clause by submitting this matter to the municipal court's jurisdiction via its complaint. Appellees timely answered and counterclaimed, and made no demand to refer this matter to arbitration. As a result, appellant has waived the right to arbitration as provided under the employment contract, and the court did not err by denying appellant's motion to dismiss.Mills; Savage. Appellant's first assignment of error is without merit.
 {¶ 19} Under its second assignment of error, appellant argues that the municipal court erred by denying its motion for new trial. In support of this argument, appellant contends that attached to its motion for new trial was newly discovered evidence which demonstrated appellees' wages had been paid in full.
 {¶ 20} The decision to grant or deny a motion for a new trial pursuant to Civ.R. 59 rests in the sound discretion of the trial court, and will not be reversed absent an abuse of that discretion. Sharp v. Norfolk W. Ry. Co., 72 Ohio St.3d 307,312, 1995-Ohio-224. To find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 21} Civ.R. 59(A)(8) provides that a new trial may be granted if the moving party presents "[n]ewly discovered evidence, material for the party applying, which with reasonablediligence he could not have discovered and produced at trial
[.]" (Emphasis added.) Accordingly, in Slack v. Cropper,143 Ohio App.3d 74, 84, 2001-Ohio-8894, this court held that the party moving for a new trial based upon newly discovered evidence was required to demonstrate that "their newly discovered evidence could not have been discovered prior to trial by the exercise of due diligence." See, also, Wozniak v. Wozniak (1993),90 Ohio App.3d 400, 410-411.
 {¶ 22} Here, appellant presented evidence of various checks made by appellant to appellee, Angiline Hall, from April 2003 until appellees were terminated. Appellant failed to present any evidence which demonstrated that this alleged newly discovered evidence could not have been discovered prior to trial via the exercise of due diligence. The alleged newly discovered evidence was produced from appellant's own business records. Absent is any justification for appellant's failure to discover evidence originating from its own business, within the approximately five months that accrued from the date of appellees' counterclaims until the magistrate trial. Thus, the trial court did not abuse its discretion by denying appellant's motion for a new trial, and appellant's second assignment of error is without merit.
 {¶ 23} In addition, even assuming appellant established that this evidence could not have been discovered prior to trial, appellant was still required to show that this newly discovered evidence would probably change the trial's outcome. Slack;Cropper. The alleged newly discovered evidence fails to do so.
 {¶ 24} As stated previously, the alleged newly discovered evidence includes numerous checks made by appellant to appellee, Angiline Hall. Absent are any checks made payable to Gary Coulter, Jr. The checks were made for varying amounts and do not specifically depict if the payments were for Hall's wages. Also, the checks fail to show whether the payments included the wages of appellee, Gary Coulter Jr. Without additional information, such as the amount of wages appellees were to receive, the alleged newly discovered evidence fails to establish that the outcome of the trial would have probably changed. For this additional reason, appellant's second assignment of error is without merit.
 {¶ 25} Under its third assignment of error, appellant contends that the magistrate's decision and municipal court's judgment finding in favor of appellees' counterclaims were against the manifest weight of the evidence. In doing so, appellant relies upon the transcript of the magistrate trial and exhibits admitted during trial.
 {¶ 26} Appellant's failure to provide the trial court with a transcript of the magistrate trial precludes it from challenging the decision or judgment as being against the manifest weight of the evidence. Civ.R. 53(E)(3)(c) provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision. Inre O'Neal (Nov. 24, 2000), 11th Dist. No. 99-A-0022, 2000 Ohio App. LEXIS 5460, at 7. This court has repeatedly held that if the objecting party fails to provide either of the above in support of his or her objections, they are "precluded from arguing factual determinations on appeal." Yancey v. Haehn (Mar. 3, 2000), 11th Dist. No. 99-G-2210, 2000 Ohio App. LEXIS 788, at 7.
 {¶ 27} In the case at bar, although appellant filed objections to the magistrate's decision, it failed to provide a transcript of the magistrate's trial, or a suitable substitute, to the municipal court. Appellant has subsequently filed a written transcript of the magistrate's trial with this court on appeal. We, however, are unable to consider anything that was not before the trial court when it overruled appellant's objections and ultimately adopted the magistrate's decision. See, e.g.,Mauermann v. Mauermann, 11th Dist. No. 2002-T-0049, 2003-Ohio-3876, at ¶ 14, (holding that supplementing the record on appeal with a transcript does not enable us to consider evidence that was not presented to the trial court at the time that court made its decision).
 {¶ 28} That being the case, appellant's failure to provide the municipal court with a trial transcript precludes it from challenging the decision and judgment as against the manifest weight of the evidence. Therefore, appellant's third assignment of error is without merit.
 {¶ 29} Based upon the foregoing analysis, appellant's three assignments of error are without merit. We hereby affirm the judgments of the municipal court.
Diane v. Grendell, J., Cynthia Westcott Rice, J., concur.