[Cite as *Blumensaadt v. Put-In-Bay Police Dept.*, 2014-Ohio-3068.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Virginia Blumensaadt

Court of Appeals No. OT-13-005

Appellant

Trial Court No. CVI 1200112

v.

Put-In-Bay Police Department

**DECISION AND JUDGMENT**

Appellee

Decided: July 11, 2014

* * * * *

Virginia Blumensaadt, pro se.

Jeffrey T. Kay and George C. Wilber, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a small claims court judgment of the Ottawa County Municipal Court, which dismissed appellant's claim of battery and intimidation against the Put-In-Bay Police Department based upon multiple facts fatal to the filing, including

sovereign immunity and the statute of limitations. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Virginia Blumensaadt, asserts the following on appeal:

I. This motion is for judgment of compensation and is supported by the evidence presented of the battery and intimation.

{¶ 3} The following undisputed facts are relevant to this matter. This case stems from appellant's involvement in a fracas at Axel & Harry's, a bar and restaurant owned by appellant's son located at Put-In-Bay. Appellee, the Put-In-Bay Police Department, responded to an incident involving patrons who serve in the military at Camp Perry, appellant's son, daughter-in-law, and appellant. Appellant claims that she was assaulted and injured by one of the Put-In-Bay police officers responding to the scene. Appellant subsequently sued the Put-In-Bay Police Department in small claims court.

{¶ 4} In response to appellant's battery complaint, appellee filed a motion for judgment on the pleadings. The motion emphasized the lack of any evidence in support of the claim and noted multiple procedural flaws. Appellant did not respond to the motion.

{¶ 5} On November 2, 2012, the trial court conducted an oral hearing on the motion for judgment on the pleadings. On November 8, 2012, the magistrate determined that: 1) the Put-In-Bay Police Department is not a legal entity capable of being sued; 2) appellant's claim is barred by the one-year statute of limitations set forth in R.C.

2.

2744.11; and 3) political subdivisions are immune from intentional torts pursuant to R.C. 2744.02(A)(1).

{¶ 6} On November 21, 2012, appellant objected to the magistrate's decision. Notably, she failed to serve a copy of the objection to the opposing counsel.

{¶ 7} On January 3, 2013, the trial court issued a decision and judgment denying appellant's objection and affirming the magistrate's decision. The trial court noted that appellant failed to file an affidavit or a transcript. The trial court emphasized in relevant part, "Plaintiff's Objection is conclusionary in nature, devoid of detail and contains at least one outrageous accusation."

{¶ 8} On February 1, 2013, appellant appealed to this court. The appeal was subsequently dismissed as appellant failed to file her brief. The appeal was subsequently reinstated upon appellant's motion for reconsideration.

{¶ 9} Principally, appellant has asserted no assignments of legal error on appeal in her filings and did not establish any legal error in her filings.

{¶ 10} In conjunction with the above, and as previously determined by this court in this case, appellant's reliance on materials that were not properly before the court must be disregarded. The audio and video discs now offered by appellant were never part of the record. Appellant wholly failed to comport with App.R. 9(B)(6). Similarly, none of the materials proffered by appellant to this court were filed with the trial court clerk or sent to opposing counsel as is mandated. *See generally State v. Ishmail*, 54 Ohio St.2d

3.

402, 377 N.E.2d 500 (1978); *In re W.E.*, 6th Dist. Lucas No. L-11-1076, 2011-Ohio-4693.

{¶ 11} "The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision." *GMS Mgt. Co., Inc. v. Coultier*, 11th Dist. Lake No. 2005-L-071, 2006-Ohio-1263, ¶ 26. Again, we note that appellant failed to assert or articulate any assignments of error and never referenced the disputed trial court judgment entry. Additionally, appellant failed to properly file or furnish the transcript, any supporting affidavits, or any other materials constituting a record conducive to review by this court. Appellant is precluded from submitting documentation to this court that is not part of a properly generated trial court record. *Ishmail, supra*.

{¶ 12} It is well-established that an appellant who fails to support their objections pursuant to Civ.R. 53 is precluded from arguing factual determinations on appeal. *Remnant Room v. Smith*, 11th Dist. Trumbull No. 2002-T-0041, 2003-Ohio-3545, ¶ 5; *Sain v. Estate of Haas*, 10th Dist. Franklin No. 06AP-902, 2007-Ohio-1705, ¶ 23. Since this court is barred from consideration of materials that were not properly before the trial court, we must presume that the facts presented to the trial court were correctly interpreted and decided.

{¶ 13} The requirements of Civ.R. 53 have not been satisfied in this matter. The rationale of Civ.R. 53 is to ensure an accurate version of what transpired at the court below, and not what a given party's impressions are with regard to the specificity of the evidence submitted. *Remnant Room* at ¶ 5.

4.

**{¶ 14}** Notably, pro se litigants are presumed to have knowledge of the law and are not accorded greater rights than litigants who may have retained counsel. *Jones Concrete, Inc. v. Thomas*, 9th Dist. Summit No. 2957-M, 1999 WL 1260308, *2 (Dec. 22, 1999), citing *Copeland v. Rosario*, 9th Dist. Summit No. 18452, 1998 WL 46768, *6 (Jan. 28, 1998). Here, appellant failed to assert or demonstrate any error by the trial court. Appellant unilaterally concludes that she was the victim of battery and intimidation by a police officer and demands compensation. Appellant has failed to properly supply a record of evidence on appeal. All improper submissions have been stricken.

**{¶ 15}** Based on the forgoing and pursuant to Civ.R. 53, we find appellant's assertions to be without merit and not well-taken.

**{¶ 16}** Wherefore, the judgment of the Ottawa County Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                             _____

                                                          JUDGE

Thomas J. Osowik, J.                      

                                       _____

Stephen A. Yarbrough, P.J.                           JUDGE
CONCUR.

                                       _____

                                                           JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.