DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Keybank National Association, appeals from the judgment of the Summit County Court of Common Pleas denying its motion to stay the proceedings pending arbitration. This Court affirms.
 I. {¶ 2} Appellees, eighty-three individual investors, filed a putative class action suit against Appellant on August 25, 2003. Appellees asserted two claims against Appellant; fraud and civil conspiracy. Appellees alleged that Appellant, along with individuals running a business known as Cyprus Funds, defrauded them. Further, Appellees alleged that Cyprus Funds was held out to be a company specializing in mutual funds, but in fact was a scam company. In their complaint, Appellees allege that Cyprus Funds purchased very few securities and simply paid old investors with money received from new investors. Appellees aver that the owners of Cyprus Funds diverted over fourteen million dollars of investments for their own personal use.
 {¶ 3} With regard to Appellant, Appellees allege that Appellant aided and abetted fraud by failing to investigate its customer, Cyprus Funds, despite substantial suspicious activity. In the second count of their complaint, Appellees allege that Appellant conspired with Cyprus Funds to defraud each individual.
 {¶ 4} On November 10, 2003, Appellant moved to stay the proceeding pending arbitration. Appellant asserted that Appellees, as Keybank customers, had each signed a deposit account agreement which contained an arbitration provision. Appellant contended that the arbitration provision covered the dispute at hand. The trial court disagreed and denied Appellant's motion to stay the proceedings on May 25, 2004. Appellant timely appealed, raising one assignment of error.[1]
 II. ASSIGNMENT OF ERROR
"The trial court erred in denying [appellant's] motion to stay proceedings pending arbitration."
 {¶ 5} In its sole assignment of error, Appellant contends the trial court erred in failing to stay the proceedings pending arbitration. Appellant avers that the arbitration clause at issue is broad enough to encompass the claims contained in Appellees' complaint. This Court disagrees.
 {¶ 6} Generally, when an appellate court determines whether a trial court properly denied a motion to stay proceedings pending arbitration, the standard of review is whether the trial court abused its discretion.Reynolds v. Lapos Const., Inc. (May 30, 2001), 9th Dist. No. 01CA007780. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} However, when an appellate court is presented with purely legal questions, this Court will review its judgment de novo. Akron-CantonWaste Oil, Inc v. Safety-Kleen Oil Serv., Inc. (1992),81 Ohio App.3d 591, 602. As the instant case presents only legal questions, we will review the trial court's determination de novo. SeeTerry v. Bishop Homes of Copley, Inc., 9th Dist. No. 21244, 2003-Ohio-1468 (finding that a determination of whether a claim of fraud is arbitrable is a legal question to be reviewed de novo).
 {¶ 8} Initially, this Court notes that Ohio public policy favors arbitration. Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, 711. This policy is reflected in R.C. 2711.02(B) which provides:
"If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
Accordingly, "unless it may said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute[,]" the trial court should stay the proceedings. Neubrander v. Dean Witter Reynolds, Inc. (1992),81 Ohio App.3d 308, 311. As such, if a dispute even arguably falls within the arbitration provision, the trial court must stay the proceedings until arbitration has been completed. Featherstone v. MerrillLynch, Pierce, Fenner Smith, Inc., 9th Dist. No. 04CA0037,2004-Ohio-5953, at ¶ 5.
 {¶ 9} In the instant case, the arbitration clause at issue reads in pertinent part:
"Arbitration: Waiver of Jury Trial. Subject to the limitations set forth in this section, either you or we may require that any dispute relating to your Account, including, but not limited to any Electronic Funds Transfer from or to any account, be submitted to arbitration by delivering a written demand for arbitration to the other person." Appellant avers that such a broad arbitration clause must necessarily include the claims of Appellees because Appellees have accounts with Appellant. This Court disagrees.
 {¶ 10} Tort claims, such as Appellees' claims of fraud and civil conspiracy, are subject to a contractual arbitration clause if the factual allegations that give rise to the claims fall within the scope of the clause. Fazio v. Lehman Brothers, Inc. (N.D. Ohio 2002),268 F.Supp.2d 865, 871. However, tort claims that may be asserted independently, without reference to the contract, fall outside the scope of an arbitration provision. Id.
 {¶ 11} Appellant argues that Appellees amended their complaint in such a manner that it makes clear that the claim necessarily involves the Appellees' accounts with Appellant. Appellant relies upon a 10th Circuit case interpreting the Federal Arbitration Act which has held that it is the subject matter of a claim, not how it is characterized by a plaintiff, that determines arbitrability. See Altresco Philippines, Inc.v. CMS Generation Co. (C.A.10 1997), 111 F.3d 140. This Court agrees that a plaintiff cannot simply frame its claims for relief in such a manner as to avoid a valid arbitration clause. However, that is not the case presented in this matter.
 {¶ 12} Appellees' claims may be asserted independently, without reference to their contract with Appellant. Appellees' allegations address the issue of Appellant's failure to investigate one of its customers, Cyprus Funds. Appellees allege that this failure led to them being defrauded. In the alternative, Appellees allege that Appellant knew of the fraud being perpetrated by Cyprus Funds and conspired with Cyprus Funds to allow the fraud to continue. Appellant argues that since many Cyprus Funds investors opened accounts with Keybank as a result of the fraudulent scheme, the Appellees' claims relate to those accounts. However, Appellees' claims do not relate to their individual accounts. Appellees have never alleged that Appellant committed misconduct regarding the accounts, such as improperly transferring funds. Rather, Appellees' argument focuses solely on Appellant's business relationship with Cypress Funds. Accordingly, the subject matter of Appellees' claims is not governed by the arbitration provision.
 {¶ 13} Additionally, the arbitration provision at issue is part of a contract between the parties. As such, a meeting of the minds regarding the terms of the contract is required. Cohen v. PaineWebber, Inc., 1st Dist. No. C-010312, 2002-Ohio-196, at ¶ 13. However, at the time the parties entered this contract, they could not have contemplated that Appellant would either conspire to commit fraud with a third party or fail to investigate the actions of a third party thereby aiding fraud perpetrated on its customers, because such an agreement would violate public policy. Id. Accordingly, this Court holds, as a matter of law, that the claims of fraud and civil conspiracy asserted by Appellees as based on the particular facts of this case were not subject to the arbitration provision.
 {¶ 14} As the claims presented by Appellees were not subject to the arbitration provision, the trial court did not err in denying Appellant's motion to stay the proceedings pending arbitration. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 15} Appellant's sole assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Batchelder, J. concur.
[1] Pursuant to R.C. 2711.02(C), an order denying a stay of the proceedings pending arbitration is a final, appealable order.