JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Fifth Third Bank and Donna Panton (collectively "appellants"), appeal from the judgment of the Cuyahoga County Court of Common Pleas that denied their motion to stay all proceedings pending arbitration. For the reasons stated below, we affirm.
 {¶ 2} Plaintiffs-appellees, James E. Dillard ("Dillard") and Gene K. Dillard, brought this action against Fifth Third Bank and Donna Panton ("Panton"), who is a senior retail investment consultant with Fifth Third Securities, alleging claims of fraud by inducement, breach of fiduciary duty, negligent training and supervision, breach of implied contract, unjust enrichment, and constructive trust. These claims arose from alleged conduct by the appellants in the course of Dillard's efforts to obtain a loan for his son.
 {¶ 3} The following facts are alleged in the amended complaint. Dillard is retired from the Lubrizol Corporation. At the time of his retirement, he had benefits in a 401(K) account. Upon the advice of Panton, who was Dillard's securities advisor, Dillard rolled over the funds in his 401(K) account into an individual retirement account ("IRA").
 {¶ 4} Sometime thereafter, Dillard wanted to assist his son in starting a business venture. Dillard sought the advice of Panton as to the most advantageous way to obtain funds to help his son. Dillard obtained a loan from Fifth Third Bank that was contingent upon his IRA funds being used as collateral for the loan. At no time did Panton or Fifth Third Bank explain the tax consequences to Dillard that would be incurred as a result of the withdrawal of funds. Dillard further alleges that appellants represented that the transfer of funds from his IRA was merely a rollover, avoiding any potential tax liability. However, as a result of the withdrawal of funds from the IRA, Dillard and his wife Gene incurred a tax liability in excess of $70,000. Had the Dillards been advised of the tax consequences involved, they claim they would have merely withdrawn the funds directly out of the IRA and given it to their son, rather than incurring a new loan liability in addition to the tax consequences.
 {¶ 5} Dillard also alleges that during the course of his repaying the loan, Fifth Third Bank withdrew a payment directly from his monthly annuity distribution without his knowledge, resulting in outstanding checks written against the account being returned for insufficient funds. The Dillards filed the present action as a result of the advice provided to Dillard in obtaining the loan, the representations made by appellants in the course of obtaining the loan, and the bank's withdrawal of funds for the loan without Dillard's knowledge.
 {¶ 6} Before the case was filed, the parties engaged in settlement negotiations for five months, during which time the issue of arbitration did not come up. After the complaint was filed, the parties stipulated to allowing appellants leave to respond to the amended complaint. Appellants ultimately responded with a motion to stay all proceedings pending arbitration. The trial court denied this motion. Appellants have appealed that ruling.[1]
 {¶ 7} Appellants raise one assignment of error for our review, which provides: "The common pleas court erred in denying defendants-appellants' motion to stay all proceedings pending arbitration."
 {¶ 8} We initially note that there is a split of authority within this court on the standard of review to be applied to a determination of whether an action is referable to arbitration under an agreement. SeeShumaker v. Saks, Inc., Cuyahoga App. No. 86098, 2005-Ohio-4391 (citing several opinions). We find that under either standard, the trial court did not err in denying appellants' motion.
 {¶ 9} Ohio courts have applied a presumption favoring arbitration when the claim in dispute falls within the scope of the arbitration provision. See, e.g., Williams v. Aetna Fin. Co., 83 Ohio St.3d 464, 470,1998-Ohio-294. Nevertheless, because arbitration is a matter of contract, a court should not compel a party to arbitrate a dispute that he has not agreed to arbitrate. Shumaker, supra. Therefore, when a matter is clearly independent of and outside the scope of an arbitration agreement, a stay of proceedings pending arbitration is unwarranted. SeeHollinger v. Keybank Nat'l Ass'n, Summit App. No. 22147, 2004-Ohio-7182.
 {¶ 10} In this action, appellants are attempting to apply a broad arbitration clause that requires all controversies concerning the IRA to be submitted to arbitration. This arbitration clause was not part of the loan transaction, but rather was entered into when Dillard opened his IRA. The arbitration clause pertained to controversies relating to the IRA and had no relation to controversies involving the loan.
 {¶ 11} The claims raised in this action relate to advice given and representations that were made in obtaining the loan, as well as actions taken in regard to a payment for the loan. Although the IRA was used as collateral for the loan and the Dillards incurred enormous tax consequences as a result of the alleged advice and representations, the controversy at hand does not arise from or directly relate to the IRA.
 {¶ 12} In the recent decision of Shumaker v. Saks, Inc., supra, this court addressed a similar situation. In Shumaker, the plaintiff claimed that Saks Fifth Avenue, Inc. and a representative thereof preyed on a lonely, elderly, housebound lady by making continuous home visits to sell her goods and services from Saks, despite the obvious fact that she did not need or use the items that she purchased and could not afford to purchase the items. The plaintiff brought an action for a violation of Ohio's Consumer Sales Practices Act. Saks moved to stay the case pending arbitration, claiming that a credit card agreement containing an arbitration clause was controlling. The trial court denied the motion, and this court affirmed. This court found that the claim being made did not relate to the account or even the goods purchased on the account, but rather related to the actions of Saks in preying on the woman. As a result, the arbitration provision was found not to apply. Id.
 {¶ 13} Likewise, in this action, the claims are unrelated to the IRA agreement. No claims of misconduct are alleged with respect to the IRA agreement itself or with respect to the funds therein, such as an improper transfer of funds. Rather, the claims raised in this action involve the conduct of the bank with respect to the loan obtained by Dillard. Simply put, this matter concerns a loan that a father obtained to help his son, allegedly without expecting to incur in excess of $70,000 of tax liability. Because the claims are independent of the IRA agreement, they fall outside the scope of the arbitration provision. SeeHollinger, supra.
 {¶ 14} Further, merely because the IRA was used as collateral for the loan does not transform the claims into a matter concerning the IRA agreement.[2] At the time the IRA agreement was entered into, the loan did not exist and the basis for this lawsuit was clearly not contemplated by the parties. Accordingly, the claims presented by the Dillards are not subject to the arbitration provision.
 {¶ 15} Appellants' sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and Mcmonagle, J., concur.
[1] An order granting or denying a stay of an action pending arbitration is a final appealable order pursuant to R.C. 2711.02(C).
[2] This court notes that neither party was aware at oral argument whether an IRA may even be used as collateral for a loan.