JOURNAL ENTRY and OPINION
{¶ 1} Defendants-appellants, Thomas J. Patton and Commerce Benefits Group, Inc. ("CBG"), appeal from a common pleas court order overruling their motion to stay proceedings pending arbitration. They urge that the court erred by holding that the arbitration clause did not mandate arbitration of plaintiffs-appellees' claims and by holding that appellants waived their right to arbitration. We find no error in the court's decision and affirm its judgment.
 Facts and Procedural History {¶ 2} Plaintiffs-appellees Complete Personnel Logistics, Inc. ("CPL") and Minute Men, Inc. filed their complaint on April 6, 2005 against appellants and South Lorain Merchants Association, Inc. ("SLMA"). The complaint alleged that CBG was the third party administrator for appellees' self-funded welfare benefit plans. Appellees alleged that CBG, Patton and SLMA recommended that appellees obtain stop-loss insurance and appellees completed applications for the insurance because of this advice. CBG, Patton and SLMA represented that the applications had been accepted and that policies of insurance were issued by SLMA. They billed appellees for premiums for the policy and accepted appellees' payments, although SLMA could not legally issue an insurance policy to appellees. Appellees contended that the defendants engaged in a civil conspiracy, that their conduct was fraudulent and constituted a conversion of appellees' funds, and that the defendants were unjustly enriched by the premiums appellees paid. They demanded an accounting of the funds they paid to CBG for the stop-loss insurance, and the imposition of a constructive trust on any revenues the defendants had received as a result of their wrongful conduct.
 {¶ 3} Appellants were granted leave until June 15, 2005 to respond to the complaint and to appellees' requests for discovery. On June 13, 2005, appellees filed an amended complaint listing as additional plaintiffs Complete Personnel Logistics, Inc. Health Plan and Minute Men, Inc., et al. Health Plan. Two days later, on June 15, 2005, appellants filed a motion to dismiss for failure to plead fraud with particularity, and a motion for a protective order to stay discovery pending a court decision on the motion to dismiss.
 {¶ 4} The court conducted a case management conference on June 23, 2005. The record contains an App.R. 9(C) statement of the proceedings which describes what occurred during the conference. Among other things, this statement indicates that appellants' counsel "informed the Court that there was an arbitration clause in the contract that could be the subject of a motion to dismiss or in the alternative to stay the proceedings. [Counsel] asked when such a motion, if any, should be filed. The Court instructed counsel for Defendants' [sic] that they could file the motion at any time they deemed proper but advised counsel that all such motions have to be filed, at the latest, by the dispositive motion deadline."
 {¶ 5} On July 8, 2005, the court denied the motion to dismiss for failure to plead fraud with particularity. Meanwhile, however, appellants filed a motion to dismiss, or alternatively, to stay proceedings and compel arbitration. This motion asserted that the most recent "Claims Administrative Service Agreement" between CPL and CBG, effective April 1, 2003, contained an arbitration clause which required that the parties arbitrate this dispute. The arbitration clause stated:
 {¶ 6} "8.10 Arbitration. The parties acknowledge and agree that they will try to resolve any dispute or claim arising from or in connection with this Agreement or the benefits provided by the Trust and its agents by appropriate internal means, including referrals to each party's senior management or trustees. If the parties cannot reach a mutually satisfactory resolution, then any such dispute or claim will be settled solely by arbitration in accordance with the appropriate commercial arbitration rules of the American Arbitration Association ("AAA") * * * * The parties further acknowledge and agree that this provision shall not prevent any party from seeking an equitable remedy to the extent required to protect rights or property or prevent irreparable harm. * * * *"
 {¶ 7} The court denied appellants' motion to dismiss or to stay proceedings in the following ruling:
 {¶ 8} "Defts.' [sic] have moved the court to dismiss the case or in the alternative to stay proceedings to compel arbitration. The court finds that 1) the agreement and arbitration clause does not contemplate that the claims raised by pltfs. are reasonably foreseeable as to be arbitrated under the agreement and 2) even if the court were to find that the claims could be arbitrated, defts. have waived their right to arbitration by acting inconsistently with that right by filing an initial stipulated leave to respond to pltfs.' complaint, by filing an initial motion to dismiss that did not raise the issue of the arbitration clause, and by filing a subsequent motion for protective order which likewise did not address the arbitration clause. As the motion is made pursuant to O.R.C. section 2711.02, the need for a hearing on the motion is obviated, and defts.' motion is denied."
 {¶ 9} Appellants appeal from this order.
 Law and Analysis {¶ 10} Initially we note that, pursuant to R.C. 2711.02(C), "[a]n order * * * that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." Therefore, the trial court's order is final and appealable.
 {¶ 11} In their first assignment of error, appellants contend the court erred by holding that this dispute was not arbitrable pursuant to the parties' agreement. Construction of the parties' contract is a question of law which we review de novo. Cf.Shumaker v. Saks, Inc., 163 Ohio App.3d 173, 2005-Ohio-4391, ¶6 (suggesting a conflict as to the standard of review).
 {¶ 12} Ohio public policy favors the enforcement of private arbitration agreements. Gibbons-Grable Co. v. Gilbane Bldg. Co.
(1986), 34 Ohio App.3d 170. "A clause in a contract which provides for arbitration should not be denied effect unless it is not susceptible to an interpretation that covers the dispute."Gaffney v. Powell (1997), 107 Ohio App.3d 315, 320 (citingGibbons-Grable Co., supra). "Ambiguities as to the scope of the arbitration clause itself should be resolved in favor of arbitration." Id.
 {¶ 13} The complaint in this case alleges that CBG, Patton and SMLA all misrepresented the existence and terms of policies of stop-loss insurance which were allegedly issued by SMLA to both CPL and Minute Men. Neither Patton nor SMLA nor Minute Men is a party to the Claims Administrative Service Agreement which contained the arbitration clause, although appellee Minute Men was a party to prior service agreements. Accordingly, these parties are not bound by the arbitration agreement and cannot be required to arbitrate. Kline v. Oak Ridge Builders (1995),102 Ohio App.3d 63; cf. St. Vincent Charity Hosp. v. URSConsultants (1996), 111 Ohio App.3d 791. The only issue before us is whether CBG and CPL agreed to arbitrate the dispute between them.
 {¶ 14} The arbitration clause in the April 2003 Claims Administrative Service Agreement broadly covers "any dispute or claim arising from or in connection with this Agreement or the benefits provided by the Trust and its agents." The agreement governs the relationship between CPL and CBG as third party administrator of the CPL Health Plan, including CPL's funding of the plan, the services CBG is to provide, and the fees CBG is to receive for those services. Among other services CBG agrees to provide, CBG agrees "to the extent possible, [to] comply with the terms and conditions of any insurance, stop-loss or reinsurance contract, including, but not limited to, filing for claims thereunder."
 {¶ 15} We agree with the trial court that the CPL's claims here do not arise from or in connection with the Claims Administrative Service Agreement or the benefits provided by the Trust. Tort claims may be subject to contractual arbitration if the factual allegations that give rise to the claims fall within the scope of the arbitration clause, but tort claims that may be asserted independently, without reference to the contract, fall outside the scope of the arbitration provision. Hollinger v.KeyBank N.A., Summit App. No. 22147, 2004-Ohio-7182, ¶ 10. The complaint in this case arises out of the defendants' allegedly false representations concerning stop-loss insurance and their collection of premiums for allegedly non-existent stop-loss coverage. The insurance was not provided pursuant to the agreement. Premiums were not collected pursuant to the agreement. These claims are unrelated to the agreement and to the benefits provided by the Trust, and may be asserted without reference to the Claims Administrative Service Agreement. Therefore, they are not disputes which must be arbitrated pursuant to the arbitration clause. Shumaker v. Saks, Inc., 163 Ohio App.3d 173,2005-Ohio-4391, ¶ 14.
 {¶ 16} This conclusion renders moot appellants' second assignment of error, that the court abused its discretion by finding that they waived their right to arbitrate.
 {¶ 17} Accordingly, we affirm the trial court's judgment and remand for further proceedings.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Karpinski, J. concur.