JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants John Hegedus, et al. appeal the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I *Page 3 {¶ 2} According to the record and the facts, this case arises from the construction of a home built for Todd and Renee Melzer. Plaintiff-appellee Todd Melzer is a policeman, and plaintiff-appellee Renee Melzer is a homemaker. The Melzers have three young children. Prior to the birth of their third daughter, the Melzers decided to build a new home and to have Renee's cousin, John Hegedus, build it. On October 11, 2003, the Melzers executed a purchase agreement with John Hegedus dba JBH Construction ("Hegedus") for the construction of their home located at 2472 Dentzler Road in Parma, Ohio.
 {¶ 3} Hegedus inadvertently encroached on an existing utility easement, and the City of Parma stopped the construction. Hegedus then left the site during the winter and failed to take the necessary precautions to protect the construction materials from winter damage. In addition, the Melzers argue in their complaint that Hegedus defectively constructed the home, with noticeable material defects throughout.
 {¶ 4} The Melzers filed their complaint on December 19, 2005 against John Hegedus dba JBH Construction, JBH Construction, Inc., Kevin S. Braun, Braun Consultants, Donald Allcorn, and the City of Parma. Hegedus responded to the complaint on February 15, 2006 by filing a motion to stay the proceedings pending mediation and/or arbitration. Hegedus argued in his motion to stay that the dispute resolution provision applied. However, the Melzers argued in their opposition to the motion to stay that only one of the 17 breaches in their complaint dealt with the preconstruction phase, and there were four other claims in the complaint. The *Page 4 
Melzers further argued that they were never provided with the dispute resolution documentation, "Article 4 of AIA Document AIA 201," and were told by Hegedus that "this really does not pertain to us."[1]
 {¶ 5} The trial court met with the parties on March 9, 2006 and May 4, 2006
 {¶ 6} at two different case management conferences before ruling on Hegedus' motion to stay. On May 5, 2006, the lower court denied Hegedus' motion to stay, and this appeal ensued.
 II {¶ 7} First assignment of error: "The trial court erred in denying defendant/appellant's motion to stay proceedings pending arbitration required by the written contract between plaintiffs/appellees, Todd Melzer, et al. (hereinafter `Melzer') and defendant/appellant, John Hegedus dba JBH Construction, et al (hereinafter `Hegedus')."
 III {¶ 8} Appellants argue in their sole assignment of error that the lower court erred in denying their motion to stay the proceedings pending arbitration. We do not find merit in appellants' argument.
 {¶ 9} The granting or denial of a motion to stay pending arbitration is governed by R.C. 2711.02, which states in relevant part:
 "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 10} In Ohio, the resolution of disputes through arbitration is encouraged as a matter of public policy. Kelm v. Kelm, 68 Ohio St.3d 26,27, 1993-Ohio-56, 623 N.E.2d 39. This policy is expressed in R.C.2711.01, which provides that such agreements "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." Id.
 {¶ 11} Notwithstanding the preference for enforcement of agreements to arbitrate, it is well settled that either party to an arbitration agreement may waive it. Mills v. Jaguar — Cleveland Motors, Inc. (1980),69 Ohio App.2d 111, 113, 430 N.E.2d 965. For example, "a plaintiff's waiver may be effected by filing suit." Id.
 {¶ 12} R.C. 2711.01 (A) provides:
 "A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or *Page 5 
more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
 {¶ 13} Nonetheless, when a matter is clearly independent of and outside the scope of an arbitration agreement, a stay of proceedings pending arbitration is unwarranted. Dillard v. Fifth Third Bank, Cuyahoga App. No. 86004, 2005-Ohio-6341, citing Hollinger v. KeybankNational Assn., Summit App. No. 22147, 2004-Ohio-7182.
 {¶ 14} An arbitration clause in a contract should not be denied effect unless it may be said with positive assurance that the clause is not susceptible to an interpretation that covers the asserted dispute.Gibbons-Grable, 34 Ohio App.3d at 172. A party cannot be compelled to arbitrate a dispute that it has not agreed to arbitrate. Piqua v. OhioFarmers Ins. Co. (1992), 84 Ohio App.3d 619, 621, 617 N.E.2d 780.
 {¶ 15} On appeal, a decision to grant or deny a stay of arbitration will not be overturned absent a finding that the trial court abused its discretion. Harsco Corp. v. Crane Carrier Co. (1997),122 Ohio App.3d 406, 413, 701 N.E.2d 1040. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that *Page 6 
the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 Ohio B. 481,450 N.E.2d 1140.
 {¶ 16} The evidence in the record demonstrates that the Melzers are not sophisticated commercial parties and are not involved in that type of situation. The record establishes that the specific situation here does not involve a complex commercial construction contract but, rather, a typical residential construction contractual environment.
 {¶ 17} In addition, the document in question, the AIA 201, is not in the record and was not provided to the Melzers when they signed the contract. Hegedus' counsel did not have a copy of it when the trial court asked about it at the case management conference, and Hegedus' counsel failed to provide a copy of the document to the lower court as requested.
 {¶ 18} Moreover, appellants' argument assumes that the lower court relied solely on contract provision interpretation in its decision, thereby ignoring other issues that may have been involved in the lower court's decision. For example, the fact that the actual arbitration document was never provided to the Melzers or to the trial court may have had an impact on the lower court's decision.
 {¶ 19} Furthermore, the provision dealing with arbitration in this case covers only the preconstruction phase. The provision Hegedus relies on provides for mediation/arbitration of disputes "which arise prior tothe commencement of the *Page 7 construction phase or which relate solely to the preconstruction phaseservices."[2] (Emphasis added.) Plaintiffs-appellees listed 17 breaches in their complaint, only one of which deals with the preconstruction phase. These 17 breaches are part of one claim in the complaint, which still contains four other claims.
 {¶ 20} In addition, appellee Renee Melzer states that she specifically asked her cousin about the arbitration provisions in the contract, and he told her that the provision did not pertain to their situation.[3]
 {¶ 21} Accordingly, based on the record, we do not find any evidence of an abuse of discretion on the part of the trial court. We find the actions of the lower court to be proper. Appellants' assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
PATRICIA ANN BLACKMON, J., CONCURS; CHRISTINE T. McMONAGLE, J., CONCURS IN JUDGMENT ONLY
[1] See memorandum in opposition to motion to stay proceedings pending mediation and/or arbitration, filed February 27, 2006.
[2] See motion to stay, p. 2.
[3] See appellees' brief and plaintiffs' memorandum in opposition to motion to stay proceedings pending mediation and/or arbitration, filed February 27, 2006. *Page 1