Filed 8/14/23  Peskett v. Designer Brands CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| SHARON PESKETT,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DESIGNER BRANDS, INC.,<br><br>Defendant and Appellant. | 2d Civ. No. B320708<br>(Super. Ct. No. 19STCV38324)<br>(Los Angeles County)<br><br><br>ORDER MODIFYING OPINION AND DENYING REHEARING (NO CHANGE IN JUDGMENT) |

THE COURT:

The opinion filed in the above-entitled matter on July 19, 2023, is modified as follows:

(1) On page 5, in the second full paragraph, the fourth sentence beginning "We affirm" is deleted and replaced with the following:

We affirm because DBI has failed to meet it burden of establishing reversible error.

(2) On page 8, the first full paragraph beginning "Accordingly," is deleted.

(3) On page 9, in the first full paragraph, the first sentence beginning "In any event," is deleted and replaced with the following:

Accordingly, the court must review "the factual allegations in the complaint" to determine whether Peskett's FACTA claim can be maintained without reference to the agreements in which the arbitration provision is included. (*Academy of Medicine of Cincinnati*, *supra*, 108 Ohio St.3d at p. 191.) Although the first amended complaint briefly alludes to Peskett's membership in the VIP Rewards Program, it merely does so in alleging that the increased risk of identity theft arising from the alleged FACTA violation was "aggravated" by the fact that her receipt also contained her name "and additional information related to the VIP customers rewards program, such as [her] customer ID number." This does not undermine the conclusion that Peskett's FACTA claim is completely unrelated to the VIP Rewards Program or the terms to which she agreed as a condition of participating in that program or using DBI's website.

(4) At the end of the preceding new sentence beginning "Accordingly, the court must review" add the following as footnote 4 (which will require the renumbering of the original footnote 4 to footnote 5):

DBI did not designate the complaint or the first amended complaint for inclusion in the clerk's transcript, as required under rule 8.122(b)(3) of the California Rules of Court. In a petition for rehearing, DBI notes that when it filed its reply brief it also moved to augment the record to include the complaint and first amended complaint. (Cal. Rules of Court, rule 8.155(a).) That motion was granted by another division of this court the

same day the case was transferred to us, but the augmented record was inadvertently excluded from the paper record that was transmitted to this court.

DBI's motion to augment did not offer any explanation or excuse for its failure to include the complaint and first amended complaint in its rule 8.122 designation; rather, DBI only offered those documents "[b]ased on arguments raised" by Peskett in her respondent's brief.  It is well-settled that arguments cannot be raised for the first time in a reply brief.  (*Julian v. Hartford Underwriters Ins. Co.* (2000) 35 Cal.4th 747, 761, fn. 4.)  Moreover, the judgment against DBI is presumed correct and DBI had an "affirmative duty to show error by an adequate record."  (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)  By waiting until its reply brief to offer the necessary  documents and making no argument in its opening brief that Peskett's FACTA claim is related to her VIP Rewards Program membership, DBI's belated argument on that point is forfeited.

This modification does not change the judgment.
Appellant's petition for rehearing is denied.

_____

GILBERT, P.J.          BALTODANO, J.          CODY, J.

3

Filed 7/19/23 Peskett v. Designer Brands CA2/6 (unmodified opinion)

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SHARON PESKETT, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DESIGNER BRANDS, INC., <br><br> Defendant and Appellant. | 2d Civ. No. B320708 <br> (Super. Ct. No. 19STCV38324) <br> (Los Angeles County) |

Designer Brands, Inc. (DBI) appeals the trial court's denial of its motion to compel arbitration of a putative class action complaint filed by plaintiff and respondent Sharon Peskett for alleged violations of the Fair and Accurate Credit Transactions Act (FACTA; 15 U.S.C.A. § 1681c(g)(1)). Because DBI has failed to establish error and because Peskett's claim is independent of and unrelated to the arbitration agreement, we affirm.

### FACTS AND PROCEDURAL HISTORY

#### *The Complaint And Subsequent Litigation*

DBI owns and operates Designer Shoe Warehouse (DSW) stores throughout the United States. On October 25, 2019,

Peskett filed a putative class action complaint against DBI alleging it had violated FACTA by printing too many credit card or debit card numbers on the paper receipts it provided to DBI customers who made in-store purchases.[1]  The claim is supported by an electronically-generated paper receipt Peskett received for a purchase she made at a DSW store in Pasadena on March 28, 2019.  Peskett sought to represent a class of "all persons in the United States who, from September 24, 2019, through the date of the Court's order granting class certification, engaged in one or more transactions using a debit card or credit card at one or more of [DBI]'s retail locations in the United States, at which time Defendant's point-of-sale system was programmed to generate a printed customer receipt displaying more than the last 5 digits of the credit or debit card account number or the expiration date of the credit or debit card used in connection with such transaction(s)."

In January 2020, DBI removed the action to federal court. The matter was subsequently remanded back to the state court on Peskett's motion.  In a July 2020 joint status report, the parties stated they "are not currently aware of any arbitration or class action waiver clause applicable to this action."  The following month, the court overruled DBI's demurrer to the

---

[1] "Under FACTA, it is prohibited for a person accepting credit or debit cards for the transaction of business to print 'more than the last 5 digits of the card number or the expiration date' on an electronically printed receipt provided to the cardholder at the point of the transaction.  [Citation.]  Any person who willfully fails to comply with this requirement is liable to the consumer for actual damages of not less than $100 and not more than $1,000, as well as punitive damages and reasonable attorney fees. [Citation.]" (*Luckey v. Superior Court* (2014) 228 Cal.App.4th 81, 88.)

2

complaint. In December 2020, DBI filed an answer to the complaint but did not make any mention of a potential arbitration clause as a defense. In a joint status report filed the following week, DBI agreed it was proper to proceed with the court-ordered settlement conference and that DBI was prepared to discuss settling the matter "on either a single-plaintiff or class basis." In July 2021, the parties filed another joint status report in which DBI represented it was not aware of any potentially applicable arbitration or class action waiver clauses and was planning to move for summary judgment. In September 2021, Peskett was allowed to amend her complaint, over DBI's objection, to expand the putative class period and she filed an amended complaint.

### *DBI's Motion To Compel Arbitration*

On October 22, 2021, DBI filed a motion to stay the proceedings and compel arbitration of Peskett's FACTA claim. DBI contended that Peskett had agreed to arbitrate the claim by assenting to recent changes in the terms and conditions of DSW's VIP Rewards Program, of which Peskett had been a member since at least 2018. DBI offered that on January 1, 2020, it had sent an email to all its VIP Rewards Program members, including Peskett, stating among other things that "[u]pdates to our VIP Rewards Terms and Conditions include the addition of a binding arbitration and class action waiver provision. This provision requires that all disputes related to your participation in the VIP Rewards Program be resolved in individual arbitration or small claims court proceedings. By participating in the DSW VIP Rewards Program you agree to the updated VIP Rewards Terms and Conditions." (Hyperlink omitted.) DBI asserted that on April 10, 2021, Peskett had participated in the VIP Rewards Program—and thereby agreed to its updated terms and

3

conditions—when she made a purchase at a DSW store and gave the store employee the information necessary to access her VIP Rewards Program identification number.

The updated VIP Rewards Program terms and conditions (the VIP Rewards Program agreement) include provisions regarding the earning of points and benefits; membership eligibility; redemption of points; and arbitration (the arbitration provision). The arbitration provision states in pertinent part that "[a]ny [d]ispute between you and DSW that cannot be resolved informally . . . shall be resolved through individual arbitration or in small claims court." The provision goes on to state among other things that "[t]he term 'Dispute' shall be interpreted as broadly as permitted under the law and shall cover any claim or controversy, related to us or our relationship including but not limited to, any and all: (1) claims for relief and theories of liability, whether based in contract, tort, fraud, misrepresentation, negligence, statute, regulation, ordinance, or otherwise; (2) claims that arose before these or any prior Terms and Conditions; (3) claims that arise after the termination of these Terms and Conditions; and (4) claims that are the subject of purported class action litigation." The arbitration provision also expressly provides that it "shall be governed by the Federal Arbitration Act [FAA]."[2]

In opposing DBI's motion to compel arbitration, Peskett primarily argued that "a claim is only subject to arbitration if it arises from the contract containing the [arbitration provision], and Peskett's FACTA claim has nothing to do with the [VIP R]ewards [P]rogram [agreement] or website contract containing

---

[2] The arbitration provision is also included in DSW's Website Terms of Use.

4

the [arbitration provision]. Instead, her claim stems from DBI's disclosure of two-thirds of her credit card account number on her in-store receipt." Peskett alternatively argued (1) that she had not assented to the arbitration provision, and (2) that DBI had waived any right to arbitrate her FACTA claim by, among other things, repeatedly representing to the court for almost two years that to its knowledge no such provision even potentially applied.

The trial court denied DBI's motion after concluding DBI had failed to meet its burden of proving that Peskett had assented to the arbitration provision. In light of that conclusion, the court deemed it unnecessary to address Peskett's other arguments.[3]

## DISCUSSION

DBI contends the trial court's order denying its motion to compel arbitration must be reversed because the court "committed an error of law" in finding that Peskett had not assented to the arbitration provision. DBI alternatively contends that in making this finding, the court "committed an error of law by making determinations of disputed fact without holding a trial as required under 9 U.S.C. § 4." DBI asks that we reverse the trial court's ruling and "remand for further proceedings consistent with this Court's order, and grant all other and further relief as this Court deems just." We affirm because DBI has

_____

[3] DBI moved for reconsideration of the court's ruling and offered additional supporting evidence. After the court heard oral argument on the motion and had taken the matter under submission—but before the court had ruled on the motion—DBI filed a notice of appeal from the order denying its motion to compel arbitration. The trial court subsequently granted Peskett's motion to strike DBI's motion for reconsideration as moot.

failed to meet its burden of establishing reversible error and has failed to provide this court with an adequate record for our review.

It is well-settled that we must affirm the judgment if it is correct on any theory. (*Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887, 906-907.) Moreover, Peskett has exercised her right "to urge affirmance of the judgment on grounds other than those cited by the trial court." (*Little v. Los Angeles County Assessment Appeals Bds.* (2007) 155 Cal.App.4th 917, 925, fn. 6.) Specifically, she has reiterated her primary assertion below that the arbitration provision—regardless of whether she assented to it—does not encompass her FACTA claim. "Interpreting a written document to determine whether it is an enforceable arbitration agreement is a question of law subject to de novo review" when, as here, "the parties do not offer conflicting extrinsic evidence regarding the document's meaning." (*Avery v. Integrated Healthcare Holdings, Inc.* (2013) 218 Cal.App.4th 50, 60.)

The parties agree that both the FAA and Ohio contract law apply. (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236 ["In determining the rights of parties to enforce an arbitration agreement within the FAA's scope, courts apply state contract law while giving due regard to the federal policy favoring arbitration."].)

Arbitration of a claim under the FAA is permissible "only where the court is satisfied that the parties agreed to arbitrate *that dispute*." (*Granite Rock Co. v. Teamsters* (2010) 561 U.S. 287, 297 [177 L.Ed.2d 567].) "An arbitration agreement is tied to the underlying contract containing it, and applies 'only where a dispute has its real source in the contract. The object of an

6

arbitration clause is to implement a contract, not to transcend it.' [Citation.]  No authority permits sending a matter to arbitration simply because the same parties agreed to arbitrate a different matter."  (*Moritz v. Universal City Studios LLC* (2020) 54 Cal.App.5th 238, 246, quoting *Litton Financial Printing Div. v. NLRB* (1991) 501 U.S. 190, 205 [115 L.Ed.2d 177].)

DBI acknowledges the trial court could not compel arbitration of Peskett's FACTA claim unless it found both (1) that Peskett had assented to the arbitration provision included in the VIP Rewards Program agreement, and (2) that the arbitration provision fell "within the scope of the . . . agreement."  (*Chiron Corp. v. Ortho Diagnostic Sys Inc.* (9th Cir. 2000) 207 F.3d 1126, 1134.)  The trial court denied the motion under the first prong finding Peskett did not assent.  The court did not address the second prong.

In its opening brief, DBI asserts in a footnote that Peskett's FACTA claim falls within the scope of the arbitration provision because that provision purports to cover "any dispute" between Peskett and DBI, regardless of whether that dispute arises from or is related to Peskett's participation or membership in the VIP Rewards Program or her use of DBI's website.  In a footnote in its reply brief, DBI asserts that Peskett's FACTA claim is related to her VIP Rewards Program membership because "the very receipt that forms the basis of [Peskett's] FACTA claim shows that [she] used her Rewards Account to make her purchase and redeemed a $5 Rewards towards the purchase."  These assertions misconstrue the law.

In deciding whether a claim is within the scope of an agreement to arbitrate, Ohio courts apply "a federal standard that inquires whether the action could be maintained without reference to the contract or relationship at issue."  (*Academy of*

7

*Medicine of Cincinnati v. Aetna Health, Inc.* (Ohio 2006) 108 Ohio St.3d 185, 191.) If it can, "'it is likely outside the scope of the arbitration agreement.'" (*Id.* at 186 quoting *Fazio v. Lehman Bros., Inc.* (2003) 340 F.3d 386, 395.) Accordingly, "claims may be subject to contractual arbitration if the factual allegations that give rise to the claims fall within the scope of the arbitration clause, but . . . claims that may be asserted independently, without reference to the contract, fall outside the scope of the arbitration provision." (*Complete Personnel Logistics, Inc. v. Patton*, 8th Dist. Cuyahoga No. 86857, 2006-Ohio-3356, ¶ 15.) This standard "prevents the absurdity of an arbitration clause barring a party to the agreement from litigating *any* matter against the other party, regardless of how unrelated to the subject of the agreement." (*Academy of Medicine of Cincinnati*, at p. 191.) Moreover, "[i]t allows courts to make determinations of arbitrability based upon the factual allegations in the complaint instead of on the legal theories presented. It also establishes that the existence of a contract between the parties does not mean that every dispute between the parties is arbitrable." (*Ibid.*)

Accordingly, the court must review "the factual allegations in the complaint" to determine whether Peskett's FACTA claim can be maintained without reference to the agreements in which the arbitration provision is included. (*Academy of Medicine of Cincinnati, supra*, 108 Ohio St.3d at p. 191.) DBI, however, did not designate the complaint for inclusion in the record on appeal. The challenged ruling is presumed correct and DBI had an "affirmative duty to show error by an adequate record. [Citation.]" (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.) "'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) Because the judgment is presumed

8

correct and DBI has not presented an adequate record for us to review the allegations of Peskett's complaint, its claim that the court erred in declining to compel arbitration necessarily fails.

In any event, it appears to be undisputed (1) that Peskett's complaint makes no mention of DBI's VIP Rewards Program or its website, and (2) that the allegations of her FACTA claim are completely unrelated to the terms to which she agreed as a condition of participating the VIP Rewards Program or using DBI's website.  It is also undisputed that Peskett seeks to pursue her FACTA claim on behalf of herself and all persons during the specified period who, like Peskett, "engaged in one or more transactions using a debit card or credit card at one or more of [DBI]'s retail locations in the United States, at which time Defendant's point-of-sale system was programmed to generate a printed customer receipt displaying more than the last 5 digits of the credit or debit card account number or the expiration date of the credit or debit card used in connection with such transaction(s)."  Thus, Peskett's FACTA allegations are independent of the VIP Rewards Program agreement and are unrelated to Peskett's relationship with DBI as a result of that agreement. "'In other words, with respect to the alleged wrong, it is simply fortuitous that the parties happened to have a contractual relationship.'" (*Academy of Medicine of Cincinnati, supra*, 108 Ohio St.3d at p. 190.)  Contrary to DBI's assertion, we can thus say "'with positive assurance that the [subject] arbitration [provision] is not susceptible of an interpretation that covers the asserted dispute.'" (*Id.* at pp. 192-193.)[4]

---

[4] DBI's failure to explain why its email to Peskett regarding changes to the terms and conditions of the VIP Rewards Program limited arbitration to "all disputes related to *your participation in*

9

In urging the court to find that the arbitration provision encompasses Peskett's FACTA claim, DBI essentially asks us to interpret that provision in a manner that transcends the contractual agreement of which it is a part.  But the provision cannot be so interpreted.  (*Litton Financial Printing Div. v. NLRB*, *supra*, 501 U.S. at p. 205.)  Because Peskett's FACTA claim is not encompassed in the arbitration provision, DBI's motion to compel arbitration was properly denied regardless of whether the court erred in finding that Peskett did not assent to the arbitration provision.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

GILBERT, P.J.

BALTODANO, J.

---

*the VIP Rewards Program*" further supports this conclusion. (Italics added.)

William F. Highberger, Judge
Superior Court County of Los Angeles
_____

Baker & Hostetler, Teresa Carey Chow, Joel C. Griswold, Bonnie Keane DelGobbo, for Defendant and Appellant.

Hekmat Law Group, Joseph M. Hekmat; Keogh Law, Keith J. Keogh, Michael S. Hilicki; Scott D. Owens, Andree Quaresima, Matthew Bobulsky, for Plaintiff and Respondent.